**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2111-24

RICKY FULLBRIGHT,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

          Submitted April 16, 2026 – Decided June 12, 2026

          Before Judges Marczyk and Bishop-Thompson.

          On appeal from the New Jersey Department of Corrections.

          Ricky Fullbright, self-represented appellant.

          Jennifer Davenport, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

PER CURIAM

# I.

Appellant Ricky Fullbright, an inmate at a state correctional facility, appeals from the final agency decision of the New Jersey Department of Corrections (DOC) upholding a disciplinary hearing officer's (DHO) finding of guilt and the imposition of sanctions for committing institutional infraction *.004,[1] fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i). We affirm.

On February 14, 2025, Corrections Officer W. Lowber observed two inmates "exchanging punches" near bed nineteen in Wing Seven West at Mid-State Correctional Facility. Officer Lowber called a code 33—an emergency, officer in need of assistance—and waited for a response team. At that time, Officer Lowber could not identify the individuals involved in the altercation.

Sergeant Wehrlis ordered a "hand and body check" of the inmates who slept near bunk nineteen, which yielded negative results for contraband. As directed by Sergeant Wehrlis, Lieutenant Laracuente reviewed the video footage of the area and identified Fullbright and Kevin Travis as the individuals involved

---

[1] Generally, "DOC inmate disciplinary regulations classify 'asterisk offenses' as prohibited acts considered to be the most serious violations, resulting in the most severe sanctions." N.J.A.C. 10A:4-4.1(a); see also Hetsberger v. Dep't of Corr., 395 N.J. Super. 548, 556 (App. Div. 2007).

A-2111-24

in the fight. Both inmates were removed from the unit by several officers, evaluated and cleared by medical staff, and subsequently charged with *.004 for fighting.

The next day, Fullbright was placed on pre-hearing detention status and served with notice of the disciplinary charge. The investigation report notes Fullbright requested counsel substitute, pleaded not guilty, and reserved his statement for the hearing.

The disciplinary hearing was initially scheduled for February 18, 2025. On that date, a counsel substitute informed Fullbright the hearing would be held on February 20. No further explanation for the continuance was provided at that time. However, the adjudication report incorrectly shows the hearing was held on February 18, 2025, and noted the reason for the first postponement as "2/18/25 video footage." It appears the date is a scrivener's error, as both parties agree the hearing occurred on February 20.

According to the adjudication report, Fullbright was represented by a counsel substitute, entered a plea of not guilty, and was afforded the opportunity to review the video evidence. He did not call or confront any witnesses. Fullbright's counsel substitute acknowledged, by signing the report, it accurately reflected the events of the disciplinary hearing.

3

The DHO found Fullbright guilty of the prohibited act based on the code 33, preliminary incident reports, special custody reports, and a review of the video footage. The footage showed both inmates initially engaging in a verbal dispute, which escalated into a physical altercation. As a result, sanctions were subsequently imposed.

Fullbright promptly filed an administrative appeal, arguing the hearing was not conducted within the required seventy-two-hour time frame set forth in N.J.A.C. 10A:4-9.8(c). He further contended he was denied due process and the hearing held on February 20, 2025, was fundamentally unfair. Fullbright asserted he was not afforded a fair hearing, claiming the DHO was confused regarding the hearing schedule, and ultimately, the delay of the hearing resulted in a violation of his rights.

The DOC subsequently issued its final agency decision upholding the DHO's findings and all sanctions. In its decision, the DOC explained "there was compliance with the New Jersey Administrative Code on inmate discipline which prescribes procedural safeguards. The charges were adjudicated accordingly to the code." It concluded, "[t]he preponderance of [the] evidence presented supports the guilty decision of the [DHO]. Leniency was granted by

4

the [DHO]." The disposition also noted Fullbright's "mental health history was reviewed and considered."

## II.

Fullbright raises the following arguments on appeal:

POINT I

THE [DHO] FAILED TO ADHERE TO TIME LIMITS PURSUANT TO [N.J.A.C.] 10A:4-9.8 WHICH VIOLATED [] FULLBRIGHT'S DUE PROCESS RIGHTS.

POINT II

[FULLBRIGHT] WAS DENIED DUE PROCESS AND FUNDAMENTAL FAIRNESS AS MADE APPLICABLE TO ALL U.S. CITIZENS BY THE FIFTH AMENDMENT TO THE CONSTITUTION, AND ART[.] 1, [¶¶] 1, 9[,] AND 10 OF THE NEW JERSEY CONSTITUTION[].

## III.

Our review of a final agency decision is limited. Zimmerman v. Diviney, 477 N.J. Super. 1, 14 (App. Div. 2023). In doing so, we determine: "(1) whether the agency's decision conforms with relevant law; (2) whether [it] is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div.

2018) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). However, in our consideration, where videotape evidence is involved, we will defer to the agency as the factfinder, unless its "factual findings are so clearly mistaken—so wide of the mark—that the interests of justice demand intervention." State v. S.S., 229 N.J. 360, 381 (2017); see also State v. McNeil-Thomas, 238 N.J. 256, 272 (2019).

We do not substitute our judgment for that of the agency and will not disturb the agency's determination unless it is arbitrary, capricious, or unreasonable, or is not supported by substantial credible evidence in the record. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). The party challenging the administrative action bears the burden of proving the decision was "arbitrary, unreasonable[,] or capricious." In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We are not bound by an agency's statutory interpretation or other legal determinations and review those de novo. Conley, 452 N.J. Super. at 613.

Fullbright contends the DHO failed to conduct the hearing within the three-day time frame required by N.J.A.C. 10A:4-9.8(c), and the delay was a procedural error, which deprived him of due process and fundamental fairness.

6

When reviewing a prison disciplinary matter, we consider whether the DOC followed the regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 219-22 (1995). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987).

However, inmates are afforded limited due process rights as held in Avant v. Clifford, 67 N.J. 496, 522-30 (1975), and codified in the DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. Those regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald, 139 N.J. at 202).

N.J.A.C. 10A:4-9.8(c) requires inmates confined in pre-hearing disciplinary housing to receive a hearing within three calendar days of their placement in that housing unit unless there are "exceptional circumstances, unavoidable delays, or reasonable postponements." While Fullbright is correct the DOC was required to hold the disciplinary hearing by February 18, the two-day postponement to access the video footage was reasonable.

We reject Fullbright's argument he was denied due process by the two-day delay. The failure to adhere to any of the prescribed time limits does not mandate the dismissal of a disciplinary charge. N.J.A.C. 10A:4-9.9. Rather, the dismissal of a disciplinary charge is discretionary and guided by: "1) [t]he length of the delay; 2) [t]he reason for the delay; 3) [p]rejudices to the inmate in preparing [their] defense; and 4) [t]he seriousness of the alleged infraction." Ibid. Fullbright has not demonstrated how the brief postponement prejudiced the preparation for his defense or the outcome of the hearing.

Fullbright further contends the DHO committed procedural errors, which also deprived him of due process and fundamental fairness. He specifically argues the DHO did not adequately explain the charge or the range of sanctions, and that the guilty finding was not supported by substantial credible evidence.

In a disciplinary proceeding, an inmate is entitled to written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the inmate is permitted the assistance of a counsel substitute. Avant, 67 N.J. at 525-33.

8

Fullbright's contentions are not supported by the record. He received timely written notice of the charge, was represented by a counsel substitute, and was afforded the opportunity to review the evidence, present a defense, and call witnesses. Fullbright's counsel substitute acknowledged the accuracy of the hearing record. We are satisfied Fullbright was afforded due process in accordance with Avant.

Lastly, a DHO's decision that an inmate is guilty of a prohibited act must be based on substantial evidence in the record. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). After reviewing the video and documentary evidence, the hearing officer concluded Fullbright committed the prohibited act. Accordingly, we reject Fullbright's argument the finding of guilt was not supported by substantial evidence in the record.

Any arguments made by Fullbright that we have not addressed directly lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

9                                                                                    A-2111-24